Dwight E. LA FOLLETTE and Margaret L. LaFollette, husband and wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 1900-ND.

United States District Court
S. D. California, N. D.
June 29, 1959.

See also 173 F.Supp. 388.

HALL, District Judge.

## Findings of Fact

1. Plaintiffs and each of them reside in the County of Fresno, State of California.

2. Plaintiffs filed a joint return of income for the calendar year 1951 on January 28, 1952, with the then Collector of Internal Revenue of the United States at San Francisco. Said return showed taxable income in the amount of $8,285.03. This is the correct taxable income of the plaintiffs for the calendar year 1951. Said return reflected two exemptions, one for Dwight E. LaFollette and one for Margaret L. LaFollette. This is the correct number of exemptions. By such return, plaintiffs elected to take the standard deductions.

3. There had been withheld from plaintiffs' wages for federal income taxes for the calendar year 1951 the sum of $1,240.50. The return filed on January 28, 1952, showed an overpayment in the sum of $582.50. This was erroneous and resulted from a mathematical error in computing the tax due.

4. On or about March 5, 1952, plaintiffs filed an amended tax return for the calendar year 1951 with the then Collector of Internal Revenue of the United States at San Francisco. This return showed the same taxable income and the same number of exemptions as the return filed on January 28, 1952, and elected to take the standard deductions. This return was accompanied by plaintiffs' check in the sum of $80.92 which was cashed by the Internal Revenue Service in San Francisco on March 19, 1952.

5. Treasury Department refund check No. 18,775,834 dated April 29, 1952, issued by the United States Treasury Department and delivered to the plaintiffs consisted of $582.50 plus $1.34 interest and related to the overpayment shown on the original return filed by the plaintiffs. This refund check was never cashed by the plaintiffs. It was returned by the plaintiffs to the Collector of Internal Revenue at San Francisco on

Kimble, Thomas, Snell, Jamison & Russell, Fresno, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Edw. R. McHale, Robert H. Wyshak, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

or about May 15, 1952. The receipt of said check was acknowledged by the Internal Revenue Service on September 19, 1952, and the said check was physically cancelled by the Internal Revenue Service on September 11, 1953. On this date there was no sum due from the plaintiffs to the defendants as or for incomes taxes for the calendar year 1951.

6. On or about July 14, 1952, Glen T. Jamison, Acting Collector of Internal Revenue at San Francisco mailed to plaintiffs a notice of mathematical error in federal income tax return for the calendar year 1951 reflecting a total corrected tax liability of $1,321.46, additional tax $663.46, interest from March 15, 1952, to August 1, 1952 in the amount of $15.12 or a total additional tax of $678.58.

7. On August 1, 1952, an assessment of $663.46 plus $15.12 interest was made by the Collector of Internal Revenue, Assessment No. 52–July 24–557017. At the time of this assessment there was no deficiency in plaintiffs' income tax for the calendar year 1951. At the time of this assessment, the plaintiffs owed nothing to the defendant for income taxes for the calendar year 1951 and did not at that time have any money which belonged to the defendant under any claim or right.

8. In December of 1952, an abatement of $82.74 was scheduled by the District Director consisting of $80.92 tax and $1.82 interest from March 15, 1952 to August 1, 1952, Schedule No. E–1175.

9. On January 3, 1956, a further abatement of $514.92 was scheduled, Schedule No. E–2511.

10. On June 17, 1957, a reversal of the abatement of the sum of $514.92 was scheduled.

11. On October 21, 1953, defendant mailed to the plaintiffs Treasury Department refund check No. 22,480,355 in the amount of $649.76. This check was cashed by the plaintiffs on or about December 19, 1953. The issuance of this check was unrequested by the plaintiffs. No part of the sums reflected by the issuance of this check was in any way induced by fraud or misrepresentation of a material fact by the plaintiffs.

12. On September 25, 1957, the District Director of Internal Revenue, Joseph M. Cullen, by A. E. Corvalho, Revenue Agent, levied upon the salary of plaintiff Dwight E. LaFollette by serving notice of levy on the Auditor-Controller of the County of Fresno. This levy stated that it was for internal revenue taxes, to wit: 1951 income taxes, date of assessment August 4, 1952, unpaid balance $595.84, statutory additions $177.25, total $773.09. The Auditor-Controller of the County of Fresno paid over to the District Director of Internal Revenue $79.79, one-half of the plaintiff's net salary.

13. On October 10, 1957, under threat of distraint, the plaintiffs paid to the District Director of Internal Revenue, the sum of $693.30 as and for income taxes for the calendar year 1951.

14. On or about January 13, 1958, plaintiffs filed with the District Director of Internal Revenue, San Francisco, refund claim for income taxes in respect to the calendar year 1951 in the amount of $773.09 together with statutory interest.

15. This suit was filed on August 15, 1958. Prior to the filing of the suit, no action on the claim for refund had been taken by the Internal Revenue Service.

16. No notice of deficiency as provided in Section 272(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 272(a) (1), or as provided in Section 6212 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6212, has ever been sent to the plaintiffs.

17. The only assessment ever made by the Internal Revenue Service against the plaintiffs for any federal income taxes due for the calendar year 1951 was the assessment made on August 1, 1952, No. 52–July 24–557017. No assessment in relation to refund check No. 22,480,355 has ever been made by the Internal Revenue Service. No suit for the collection of any sums due from the plaintiffs

as and for income taxes for any year has been brought by the defendant against the plaintiffs.

### Conclusions of Law

1. The assessment of August 1, 1952, was void as there existed no deficiency for income taxes for the calendar year 1951 on the date the assessment was made.

2. If the assessment of August 1, 1952, was a valid assessment, it was fully satisfied on September 11, 1953.

3. The issuance of Treasury Department refund check No. 22,480,355 was an erroneous refund under the terms of the Internal Revenue Code. The erroneous refund did not revive the assessment of August 1, 1952, which had already been satisfied.

4. Under the terms of Section 6401 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6401, the collection of $79.79 by levy on September 26, 1957, and the payment by the plaintiffs on October 10, 1957, of the sum of $693.30 was an "overpayment" of income taxes for the calendar year 1951.

5. The statutes of limitation on the Government's right to collect income taxes from the plaintiffs for the calendar year 1951 had expired before January 1, 1957. The statutes of limitation had run on the Government's right to collect the erroneous refund reflected by check No. 22,480,355, before January 1, 1957.

6. The levy of the Collector on the salary of the plaintiff was erroneous and illegal.

7. The defendant is not entitled to recoup in this action the amount erroneously refunded by it on October 21, 1953, as at the time of the levy and on October 10, 1957, the time of the payment by the plaintiffs under threat of distraint, the period of limitation for the recovery of the erroneous refund either by assessment, suit for collection or any other recoupment means had expired.

8. The plaintiffs have a better right to the overpayment made on September 25, 1957, and October 10, 1957, than the defendant because of the doctrine of repose incorporated in the statutes of limitation. Rothensies v. Electric Battery Co., 1946, 329 U.S. 296, at page 301, 67 S.Ct. 271, 91 L.Ed. 296.

9. Plaintiffs are entitled to a judgment for the sum of $773.09 plus interest from October 10, 1957, computed at the rate and in the manner provided for in Section 6611 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6611.