561 F.2d 1123
 77-2 USTC P 9647
 The IDEAL REALTY CO., Appellant,
v.
UNITED STATES of America and Dorothy Singletery, Appellees.
DIAMOND REALTY INC., Jewel Realty, Inc., the Ideal Realty
Co., and the Sunshine Realty Co., Appellants,
v.
UNITED STATES of America and Baltimore Federal Savings and
Loan Association, a body corporate, Appellees.
The SUNRISE REALTY COMPANY, Appellant,
v.
UNITED STATES of America and Baltimore Federal Savings and
Loan Association, a body corporate, Appellees.
 Nos. 76-1242, 76-1243 and 76-1405.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 7, 1976.
Decided Sept. 20, 1977.
 
 James D. Johnson, Baltimore, Md. (Sheldon H. Braiterman, Baltimore, Md., on brief), for appellants.
 Libero Marinelli, Jr., Atty., Tax Division, Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews and Crombie J. D. Garrett, Attys., Tax Division, Dept. of Justice, Washington, D. C., and Jervis S. Finney, U. S. Atty., Baltimore, Md., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and CRAVEN* and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a consolidated appeal from three district court decisions denying the realty companies' requests for an injunction vacating certain tax levies on the plaintiffs' bank accounts and property and preventing the government from imposing additional liens for the tax liabilities in question.
 
 
 2
 At the outset we dismiss the appeals in numbers 76-1242 and 76-1405 as moot because both parties agreed in oral argument that the disputed taxes in those two cases have been collected and paid leaving nothing against which an injunction can operate. If the taxpayers in those two cases wish to contest the taxes that have been collected, they should file suit for a refund. Number 76-1243, however, is not moot because there is an outstanding levy against plaintiff Diamond Realty and outstanding assessments against plaintiffs Jewel Realty and Sunshine Realty.
 
 
 3
 The question in number 76-1243 is whether a civil suit to recover an erroneous refund pursuant to 26 U.S.C. Section 7405,[1] which in the absence of fraud, must be begun within two years after the refund according to 26 U.S.C. § 6532(b),[2] is the only way that the government can collect taxes that are due and have been erroneously refunded.
 
 
 4
 In July 1969, the plaintiffs entered into a settlement agreement with the IRS regarding their tax liabilities for 1962, 1963 and 1964. In August of 1969, the IRS assessed the taxes, penalties and interest due at that time pursuant to the settlement. On July 8, 1971, the IRS collected the assessed taxes and the interest on the assessed taxes from August 1969 to July 8, 1971. At that time, however, the interest since August 1969 had not been assessed. The IRS later discovered that it had not assessed that portion of the interest and decided that it should refund the unassessed interest. On August 13, 1971, the IRS gave the plaintiffs a refund of the interest from August 1969 to July 8, 1971.[3]
 
 
 5
 Later, the IRS concluded that the refunds were erroneous. On June 4, 1973, the IRS assessed the erroneously refunded interest. After sending the plaintiffs several notices that the government would collect by levy unless the taxes were paid, the IRS levied on Diamond Realty's bank account on April 18, 1974. Levies on the moneys and property of the other plaintiffs were threatened.
 
 
 6
 The plaintiffs seek an injunction against the levy and against future levies to collect the erroneously refunded interest. They recognize that a district court cannot enjoin the assessment or collection of taxes unless there are no circumstances under which the government can prevail. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). But they contend that the government cannot collect the taxes here because it did not levy within two years of the erroneous refund. Their argument is that an action for the recovery of erroneous refunds under Section 7405, which in the absence of fraud, must be brought within two years of the refund, is the only way that the government can collect the interest.
 
 
 7
 The IRS replies that a suit under § 7405 is only one method of collecting refunds. Even though it admits that it cannot collect the erroneously refunded interest under § 7405, the IRS says that it can proceed under § 6601(g). The interest involved here is prescribed under 6601. Section 6601(g) provides that:
 
 
 8
 (i)nterest prescribed under this section on any tax may be assessed and collected at any time during the period within which the tax to which such interest relates may be collected.
 
 
 9
 The IRS interprets § 6601(g) to mean that interest on a deficiency assessment may be assessed and collected at any time during the period applicable to the collection of the underlying deficiency assessment. It notes that § 6502(a)(1) permits collection of a deficiency assessment within six years after the assessment and that the levy against Diamond Realty was within six years of the underlying deficiency assessment.
 
 
 10
 The taxpayer does not accept the IRS interpretation of § 6601(g). It says that "the time within which the tax to which such interest relates may be collected" expires when the tax to which the interest relates is collected. The taxpayer contends that the payment of an assessment extinguishes the government's right to collect interest due on the tax assessed. The IRS points out that the taxpayer's interpretation of § 6601(g) could permit a taxpayer to avoid paying the interest on delinquent taxes by not paying the interest when paying the underlying delinquent taxes.
 
 
 11
 We find the IRS's argument persuasive. If the IRS wishes to bring a suit to collect an erroneous refund pursuant to § 7405 it must act within two years of the refund. But the two-year limit on suits to collect erroneous refunds does not affect the right of IRS to use other summary procedure for the collection of interest due on delinquent taxes. Warner v. Commissioner, 526 F.2d 1 (9th Cir. 1975); United States v. C & R Investments, Inc., 404 F.2d 314 (10th Cir. 1968).
 
 
 12
 AFFIRMED.
 
 
 
 *
 Judge Craven in conference expressed his agreement with the result but died before an opinion was prepared
 
 
 [1]
 Section 7405. Action for Recovery of Erroneous Refunds
 (a) Refunds After Limitation Period. Any portion of a tax imposed by this title, refund of which is erroneously made, within the meaning of section 6514, may be recovered by civil action brought in the name of the United States.
 
 
 [2]
 Section 6532. Periods of Limitation on Suits
 (b) Suits by United States for Recovery of Erroneous Refunds. Recovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within two years after the making of such refund, except that suit may be brought at any time within five years from the making of the refund if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact.
 
 
 [3]
 The IRS also paid the plaintiffs interest on the amount refunded