BOYCE F. MARTIN, Jr., Circuit Judge.
 

 Gerhild and Donald Joseph Scholz, on April 15, 1969, filed a joint income tax return for the tax year 1968, reporting and paying in full total taxes of $98,020.46. Because of certain business disappointments, the Scholzes on April 12, 1972, filed an amended return (Form 1040X) for the tax year 1968, carrying back a 1971 net operating loss deduction. The amended return reduced their 1968 tax liability to $4,229.36, and they received a refund of $93,791.10 on January 1, 1973.
 

 The Scholzes were subsequently audited for their tax years 1971 and 1972. While contesting the audits, the Scholzes on three occasions signed “Consent Forms 872,” extending the time for assessment of income tax for the tax years 1971 and 1972 until June 30, 1977. The present controversy arose because while the audit was in progress, the Scholzes filed petitions in bankruptcy on December 3, 1976. The IRS subsequently completed its audit and on June 21, 1977, issued a notice of deficiency disallowing the net operating loss and the resulting carryback and refund for 1968.
 

 The Bankruptcy Court on August 21, 1979, absolved the Scholzes from “all dis-chargeable debts.” To clarify their tax liability they filed complaints in bankruptcy court on August 31, 1979, seeking a determination under section 17(c)(1) of the Bankruptcy Act of 1898, 11 U.S.C. § 35(c)(1), that their tax liability had been discharged in bankruptcy. The bankruptcy court ruled on June 18,1980, that the 1968 liability was nondischargeable in bankruptcy. This ruling was reversed by the district court on August 5, 1983, and this appeal followed.
 

 We first face the initial issue of whether we have appellate jurisdiction. The Bankruptcy Reform Act of 1978 provided that cases commenced under the Bankruptcy Act of 1898 “shall be conducted and determined under such Act as if this Act had not been enacted.” Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, § 403(a), 92 Stat. 2549, 2683. Although the Scholzes argue that section 405(c)(2) of the Bankruptcy Reform Act, 92 Stat. at 2685, forms an exception to the savings provision in section 403(a), we think that section 405(c)(2) was intended only to give the courts of appeals appellate jurisdiction over cases commenced and appealed during the transition period until the Bankruptcy Reform Act was to become fully effective. The district court’s order granting discharge “dispose[d] of some asserted right” in the ordinary course of the administration of the estate and therefore was appealable as an interlocutory appeal in a proceeding in bankruptcy under section 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a).
 
 In re Charmar Investment Co.,
 
 475 F.2d 560, 563 (6th Cir.),
 
 cert. denied,
 
 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973).
 

 The Scholzes argue that the two-year statute of limitations on suits for recovery of erroneous refunds bars this action.
 
 See
 
 I.R.C. § 6532(c). However, the Service need not proceed by way of a suit for a recovery of an erroneous refund, but may instead proceed under the deficiency procedures, for which the limitations period had not expired,
 
 see
 
 I.R.C. §§ 6501-6502.
 
 Ideal Realty Co. v. United States,
 
 561 F.2d 1123 (4th Cir.1977) (per curiam);
 
 Warner v. Commissioner,
 
 526 F.2d 1 (9th Cir.1975);
 
 accord Beer v. Commissioner,
 
 733 F.2d 435 (6th Cir.),
 
 cert. denied,
 
 — U.S.-, 105 S.Ct. 185, 83 L.Ed.2d 119 (1984).
 

 
 *711
 
 The basis of the district court’s decision granting a discharge in bankruptcy to the Scholzes and defeating the claim for the erroneously paid tax refund is section 17(a) of the Bankruptcy Act, 11 U.S.C. § 35(a), which provides in relevant part:
 

 (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy:
 
 Provided, however,
 
 That a discharge in bankruptcy shall not release a bankrupt from any taxes ... (c) which were not reported on a return made by the bankrupt and which were not assessed prior to bankruptcy by reason of a prohibition on assessment pending the exhaustion of administrative or judicial remedies available to the bankrupt.
 

 Cf
 
 11 U.S.C. § 523(a)(1) (current law). Here the bankruptcy court held that section 17(a) disallowed discharge because the taxes in question became legally due and owing within three years preceding bankruptcy and because the taxes were not reported on a return. The district court reversed on both issues. The IRS concedes on appeal that the taxes were legally due and owing more than three years prior to bankruptcy, but argues that the taxes were not reported on a return. The other provisions of the statute are not in issue.
 

 The requirement that taxes must have been “reported on a return” means exactly that: the return must have reported the proper amount of taxes due and not merely the information giving rise to those taxes.
 
 Wukelic v. United States,
 
 544 F.2d 285 (6th Cir.1976);
 
 accord In re Donnell,
 
 639 F.2d 535, 542 (9th Cir.1981). The district court held that the tax liability was reported on the Form 1040X amended return when the Scholzes reported the tax due prior to amendment. That was merely underlying information on the return, however, rather than a proper report of the taxes due, so the Form 1040X return did not meet the section 17(a) standard.
 

 The district court held in the alternative that the original 1968 return was a sufficient report of tax liability. This implies that taxpayers could avoid the holding in
 
 Wukelic
 
 at will by reporting the correct tax, then amending their returns to reduce their tax liability. Clearly the statute requires that the actual tax liability must have been reported on the taxpayer’s final return, and not merely on a return ultimately found to be preliminary or intermediate.
 

 The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.