**UNITED STATES of America**

v.

**Rosalynde A. BROWN.**

**No. CA6–89–0039W.**

United States District Court,
N.D. Texas,
San Angelo Division.

Jan. 31, 1990.

---

Louise P. Hytken, Cynthia E. Messersmith, Tax Div., Dept. of Justice, Dallas, Tex., for plaintiff.

Michael D. Cropper, Boyd, Sanders, Wade, Cropper & Prothro, P.C., Midland, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

WOODWARD, Senior District Judge.

Pending before the Court are cross-motions for summary judgment. The Court has considered said motions, together with Stipulations of Fact, briefs, supporting materials, and oral argument of counsel.

The parties have submitted a Joint Stipulation of Facts which the Court incorporates herein by reference. The issue presented is what statute of limitations applies when the Internal Revenue Service (IRS) seeks to recover an erroneous refund of income taxes.

Defendant and her then husband filed a joint federal income tax return for the calendar year 1982, such return being filed on or about October 13, 1983. The return reflected a self-assessed tax due in the amount of $571,686.53. The tax was fully paid at that time. Thereafter, on or about December 3, 1984, a claim for refund was filed, seeking a refund of overpaid income taxes for the calendar year 1982 in the amount of $184,626.26. The claim for refund was examined and allowed by the IRS.

On April 29, 1985, the IRS issued a "Notice of Statement of Change to Your Account" which reflected a decrease in tax of $387,060.27 for the calendar year 1982, and a refund check in the amount of $387,060.27, instead of the $184,626.26 requested by the taxpayers, was issued to Defendant and her husband.

The erroneous refund was not discovered for some two and one-half years. On October 11, 1988, the IRS issued a notice to the taxpayers notifying them that $202,434.01 had been incorrectly refunded to them and requested payment of such amount. The amount sought has not been repaid.

Defendant and her husband, Thomas C. Brown, were divorced on August 17, 1988, and Thomas C. Brown subsequently filed for Chapter 7 bankruptcy and was discharged on July 31, 1989. Although listed as a creditor in Mr. Brown's bankruptcy proceeding, the IRS did not file a proof of claim. The IRS now seeks to collect the erroneous refund from Defendant alone.

The parties have stipulated, in part, that: On October 13, 1983, there remained no assessed, but unpaid, federal income taxes of the Browns for the calendar 1982. On April 29, 1985, the Internal Revenue Service (i) issued a notice of "Statement of Change of Your Account" which reflects a decrease in tax of $387,060.27 for the calendar year 1982 and (ii) issued a check payable to Defendant, Rosalynde A. Brown, and Thomas C. Brown in the amount of $387,060.27 rather than the $184,626.26 reflected on the Claim for Refund.

No notice to, letter to, written claim to, or suit against the Taxpayers, Thomas C. and Rosalynde Brown, by the Internal Revenue Service with respect to income taxes for the 1982 calendar year occurred between April 29, 1985, the date of the erroneous overpayment, and October, 1987, on the date Revenue Agent Charles Jaster informed Gary Choate, C.P.A. that there might have been an "erroneous refund" for calendar 1982. On October 11, 1988, the Internal Revenue Service issued a notice to the Browns notifying them that $202,434.01 had been incorrectly refunded to them and requested payment of such amount.

On or about May 2, 1989, the Internal Revenue Service made an assessment of income tax and interest solely against Taxpayer, Rosalynde A. Brown, for the calendar year 1982 in the amount of $387,270.69 ... An assessment of a deficiency must be made within three years after the return at issue was filed. 26 U.S.C. Section 6501(a). This assessment was made more than three years after the return was filed, and, therefore, this assessment by the Internal Revenue Service is void and of no effect.

No Statutory Notice of Deficiency pursuant to Internal Revenue Code Sections 6212 and 6213 has been sent by the Internal Revenue Service to either Thomas C. Brown or Rosalynde A. Brown asserting an income tax deficiency for 1982.

The issue before the Court is what statute of limitations applies to the recovery of the erroneous refund. The Defendant argues that 26 U.S.C. Sections 6532(b) and 6501(a) applies, and that both statutes bar the recovery of the erroneous refund because the IRS is outside those periods of limitations. The IRS argues that recovery is not barred because this action was brought within the six year statute of limitations of 26 U.S.C. Section 6502.

The pertinent statutes of limitations are as follows:

26 U.S.C. Section 6501(a) provides that:

**(a) General Rules.**—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)
...

26 U.S.C. Section 6532(b) provides that:

**(b) Suits by United States for recovery of erroneous refunds.**—Recovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund ...

26 U.S.C. Section 7405 provides that:

**(a) Refunds after limitation period.**—Any portion of a tax imposed by this title, refund of which is erroneously made, within the meaning of 6514, may be recovered by civil action brought in the name of the United States.

**(b) Refunds otherwise erroneous.**—Any portion of a tax imposed by this title which has been erroneously refunded (if such refund would not be considered as erroneous under section 6514) may be recovered by civil action brought in the name of the United States.

26 U.S.C. Section 6514(a)(3) provides that:

**(3) Recovery of erroneous refunds.— For procedure by the United States to recover erroneous refunds, see sections 6532(b) and 7405.**

26 U.S.C. Section 6502 (relied upon by the IRS) provides:

**(a) Length of period.**—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, ...

The IRS has admitted that the May, 1989, "assessment" was made more than three years after the return was filed, and therefore Section 6501(a) was not complied with.

The Defendant argues that the IRS is barred from recovering the erroneous refund because suit was not filed within two (2) years pursuant to 26 U.S.C. Section 6532(b), which is the specific statute of limitations for recovery of erroneous refund.

However, the IRS contends that it can recover under 26 U.S.C. Section 6502(a) by way of a "collection of a deficiency," arguing that once the erroneous refund, having been made because of an error by an IRS employee on the "Certificate of Assessment," was made, a deficiency or underpayment of tax resulted which did not require further assessment or a redetermination by the IRS. Although the IRS attempts to argue that no re-assessment or redetermination is required, the IRS admits that it did just that on May 2, 1989. In oral argument the Government's attorney also attempted to argue that the Government was not really suing on an "erroneous refund" but was instead suing for an underpayment, an argument which this Court does not accept as the Government's pleadings and the Stipulations of Fact, all say that the Government is seeking to recover an "erroneous refund."

 A tax assessment is made by the IRS recording the taxpayer's liability on its records, known as a Certificate of Assess-

ment. 26 U.S.C. Section 6203. This was done when the taxpayers filed their 1982 tax return and made a self-assessment of $571,686.53. When the taxpayers requested a refund and such was made by the IRS, the entry on the Certificate of Assessment was one of an "Abatement of Tax." There were also some entries for abatement of interest and then the entry of a "Refund" when the refund was made.

The IRS argues that even though Section 6532(b) provides for the "recovery of an erroneous refund by suit ... within 2 years after the making of the refund," that suit is not the exclusive remedy. This is true, as other Courts have held. However, the cases cited by the IRS have looked to the procedures of Section 6501(a) (the deficiency procedure to which a three-year period is applicable) *See Warner v. Commissioner*, 526 F.2d 1 (9th Cir.1975); to the collection of interest under 26 U.S.C. Section 6601(g), to which the six year limitations did apply, *See Ideal Realty Co. v. United States*, 561 F.2d 1123 (4th Cir.1977); to the option under either Section 7405 or the deficiency procedures, *See Beer v. C.I.R.*, 733 F.2d 435 (6th Cir.1984); to the deficiency procedures which must be assessed within three years, *See Pesch v. Commissioner*, 78 T.C. 100 (1982); under Section 7405 or under the deficiency route, *See Krieger v. Commissioner*, 64 T.C. 214 (1975).

In *Scholz v. United States*, 773 F.2d 709 (6th Cir.1985), it was also found that the IRS has two options to recover an erroneous refund—26 U.S.C. Section 6532(a) or proceed under the deficiency procedures.

A line of cases hold that when an assessment has been fully paid for a tax year, and then the Government erroneously refunds money to the taxpayer for that year, the deficiency assessment which has already been satisfied is not revived. *Rodriguez v. United States*, 629 F.Supp 333 (N.D.Ill.1986); *United States v. Young, Jr.*, 79–2 U.S.T.C. (CCH) 88219 (D.Dela.1979); *La Follette v. United States*, 176 F.Supp. 192 (S.D.Cal.1959).

In considering the limitations issue, the Court in *Rodriguez* at 343, found that:

Most courts which have considered the question of how the IRS may pursue an erroneous refund have concluded that it has a choice of methods. It may seek recovery of the sum through the statutory remedy expressly provided for erroneous refunds, 26 U.S.C. 7405, by filing suit directly in district court. Alternatively, it may treat the sum as it would any other underpayment, by determining a deficiency and notifying the taxpayer as prescribed in Sec. 6212, and then proceeding, after the 90–day period has passed, to Sec. 6303 assessment, notice and demand. *See e.g., Warner*, 526 F.2d at 2; [*United States v.*] *C & R* [*Investments Inc.*], 404 F.2d [314] at 315 [ (10th Cir.1968) ]; *Black Prince Distillery, Inc. v. United States*, 586 F.Supp. 1169, 1173 (D.N.J.1984). One court has held that only the Sec. 7405 procedure may be used, *Akers v. United States*, 541 F.Supp. 65, 67 (M.D.Tenn.1981), and another that the IRS may use Sec. 6212 and Sec. 6303 procedures only for interest due on delinquent taxes, while the amount of the refund must be sought under Sec. 7405, *Ideal Realty Co. v. United States*, 561 F.2d 1123, 1125 (4th Cir.1977).

In *Rodriguez*, the Court further found that "a refund is not, properly speaking, a tax amount." *Id.* at 344, and that "If a refund is not a tax amount, then the act of sending a refund cannot of itself revive or continue a pre-existing tax liability." *Id.* See also *United States v. Young, supra*.

In *United States v. Wurts*, 303 U.S. 414, 416, 58 S.Ct. 637, 638, 82 L.Ed. 932 (1938) the Supreme Court said that:

The Government's right to recover funds, from a person who received them by mistake and without right, is not barred unless Congress has "clearly manifested its intention" to raise a statutory barrier.

The IRS in the instant case is seeking recovery of an erroneous refund for which Congress has manifested its intention to raise a statutory barrier—that being *26 U.S.C. Section 7405 Action for recovery of erroneous refunds*, for which the two year

statute of limitations of Section 6532(b) applies. *See* 26 U.S.C. Section 7405(d) and 26 U.S.C. Section 6514(a)(3). The Court further finds that the IRS also had the option to create a new assessment or make a redetermination (as it has admitted it did, but too late) and then proceed under the deficiency provisions of 26 U.S.C. Section 6501(a). This Court will not create a new avenue upon which the IRS can proceed when Congress has specifically spoken.

This Court therefore holds that the Internal Revenue Service is barred from recovering from the Defendant the erroneous refund, as this suit, having been filed on May 1, 1989, is well outside the two year statute of limitations provided by Section 6532(b). Further, the IRS has admitted that its attempt to create a new assessment or make a redetermination under Section 6501(a) was void. Therefore, the United States of America's action against Defendant, Rosalynde A. Brown should be dismissed.

It is therefore ORDERED that the Motion for Summary Judgment filed by the United States of America is denied and that the Motion for Summary Judgment filed by Defendant, Rosalynde A. Brown, is granted.

Judgment in favor of Defendant shall be entered accordingly.