**Hildegard Helen DAVENPORT, Appellant,**

v.

**UNITED STATES of America d/b/a Internal Revenue Service, Appellee.**

**No. C 91–0414–L(B).**

United States District Court, W.D. Kentucky, at Louisville.

Oct. 18, 1991.

Henry K. Jarrett, Louisville, Ky., for appellant.

Tim Feeley, Asst. U.S. Atty., Louisville, Ky., Gregory D. Stefan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellee.

## MEMORANDUM

BALLANTINE, Chief Judge.

Hildegard Helen Davenport (Davenport) appeals from a judgment of the Bankruptcy Court for the Western District of Kentucky in which the Bankruptcy Court found that Davenport's homestead exemption in property seized and sold by the appellee, The United States of America d/b/a Internal Revenue Service (IRS), did not take priority over a tax lien, properly filed by the IRS. Title 11 U.S.C. § 522(c)(2)(B); Title 28 U.S.C. § 158.

In 1984, Davenport and her husband filed a joint U.S. Individual Income Tax Return (Form 1040) for the taxable year 1983 indicating taxes due of $22,163.22 and they submitted a check in that amount to the IRS. The check was returned for insufficient funds in their account. Davenport and her husband remitted a second check in the same amount. The IRS credited both checks to Davenport's 1983 tax account which caused a refund check in the amount of $23,280.76 to be issued to Davenport and her husband. The refund check was cashed. Notice and demand for payment of the 1983 assessment was sent to Davenport and her husband on August 4, 1984. In 1989, Davenport and her husband were assessed additional taxes in respect to their 1985 joint federal income tax liability. Notice and demand for payment of the 1985 assessment was mailed on April 12, 1989. Liens for the assessments were filed with the Jefferson County Clerk's Office on March 5, 1990. The United States levied upon the appellant's real property located at 410 Mockingbird Road, #18, Louisville,

Kentucky, on April 24, 1990 and seized it on April 30, 1990. On June 5, 1990, Davenport filed a Chapter 7 bankruptcy petition in which she claimed as exempt her dower interest in the real property. The property was sold on June 6, 1990 for $6,550.00. Davenport subsequently filed a Petition for Discharge and for Asset Valuation and for Order of Turnover. Davenport amended her pleadings to seek avoidance of the IRS lien. The Bankruptcy Court granted the appellee's motion for summary judgment on June 4, 1990 and dismissed Davenport's complaint. This appeal followed.

A district court reviews a bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo. *In re: Daniels–Head & Associates*, 819 F.2d 914 (9th Cir.1987).

The appellant asserts that the appellee's claim is not for a tax due because the IRS did not reassess the tax after the refund and before collection proceedings were initiated. Appellant cites to *Rodriguez v. United States*, 629 F.Supp. 333 (N.D.Ill. 1986) and *La Follette v. United States*, 176 F.Supp. 192 (S.D.Cal.1959) as authority for her position. The government argues that since the appellant's refund was issued as the result of a clerical or bookkeeping error, it is a non-rebate erroneous refund and not subject to reassessment. Title 26 U.S.C. § 6402.

In *La Follette*, the Court found that taxpayer plaintiffs, whose timely payment of taxes for the year 1951 occurred before they received and subsequently returned an erroneously issued refund check, owed no taxes to the IRS for the year 1951 and an August 1, 1952 assessment by the IRS for 1951 taxes was in error. On October 21, 1952, approximately two and one-half years after the plaintiffs filed their 1951 tax return, the IRS issued to the plaintiffs a Treasury Department refund check in the amount of $649.76. Plaintiffs cashed the refund check. On September 25, 1957, the IRS levied on the salary of the plaintiff for "1951 income taxes, date of assessment August 4, 1952, unpaid balance $595.84, statutory additions $177.25, total $773.09."

Plaintiffs paid the $773.09 and then filed suit for that amount. The Court held for the plaintiffs, concluding that the August 1, 1952 assessment was fully satisfied on September 11, 1952 when the IRS cancelled the first erroneously issued refund check and that the IRS' right to collect income taxes for the calendar year 1951 had expired before January 1, 1957. The *La Follette* court did not indicate whether the refund was a non-rebate erroneous refund or simply an erroneous refund.

*Rodriguez* did not involve a non-rebate erroneous refund and is distinguishable on that point.

 A non-rebate erroneous refund made with respect to a tax previously assessed by the taxpayer on his income tax return does not constitute a rebate within the meaning of Title 26 U.S.C. Section 6211(b)(2) and therefore the deficiency procedure, followed by reassessment and collection procedures are not applicable. Title 26 U.S.C. § 6501(a); *Corbett v. C.I.R.* 61–2 U.S.T.C. P9601, 41 T.C. 96 (9th Cir.1961). A non-rebate erroneous refund simply gives back to the taxpayer a part of the taxpayer's assessed tax and the assessed balance due may be collected by ordinary collection procedures. Title 26 U.S.C. § 6502. The finding of the bankruptcy court that the federal tax lien was properly filed is not erroneous.

 K.R.S. 427.060 provides in pertinent part that "an individual debtor's aggregate interest, not to exceed five thousand dollars ($5,000) in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state … is exempt from sale under execution, attachment or judgment…." Section 522(c)(2)(B) of the Bankruptcy Code provides that a properly filed tax lien may be collected from exempt property. A state-created homestead exemption is ineffective against a federal tax lien. *United States v. Bess*, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958); *United States v. Mitchell*, 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971); *Knox v. Great West Life Assur. Co.*, 212 F.2d 784 (6th Cir.1954); *U.S. v. Heffron*, 158 F.2d 657

(9th Cir.1947). The lien and subsequent levy by the IRS do not remove the proceeds of the sale of the property from the appellant's estate. The proceeds are subject to a valid tax lien under federal law and may not be exempted under Title 11 U.S.C. Section 522. Accordingly, the Bankruptcy Court's decision shall be affirmed.