**In re Floyd W. BEAM and Elaine M. Beam, Debtors.**

**No. 97–6330–HO.**

United States District Court, D. Oregon.

May 14, 1998.

Floyd Wayne Beam, Elaine Marie Beam, Springfield, OR, debtors pro se.

Sanford W. Stark, U.S. Dept. of Justice, Western Division, Benj Franklin Station, Washington, DC, for Internal Revenue Service.

## ORDER

HOGAN, Chief Judge.

The United States of America appeals from the "Order Directing Disbursement of Funds" entered on August 27, 1997, by the United States Bankruptcy Court for the District of Oregon. This Court has jurisdiction under 28 U.S.C. § 158(a). Also before the court is debtor/appellees' Motion to Compel (# 3).

## FACTS

Debtors filed a petition under Chapter 13 of the Bankruptcy Code on January 11, 1993. On August 11, 1997, debtors voluntarily filed a motion withdrawing their petition, and on August 18, 1997, the bankruptcy court dismissed the proceeding.

Debtors requested the bankruptcy court to order the trustee to return the $24,000 which debtors had paid into their chapter 13 trust account. The IRS served the trustee with a notice of levy, directing him to turn over the money in his possession in partial satisfaction of debtors' 1981 tax liability. Tab F to Appellant's Excerpt of Record (# 105). On motion of the trustee, the bankruptcy court ordered the trustee to return the funds at issue to the debtors. The bankruptcy court stayed its disbursement order and ordered the trustee to place the $24,000 in an interest bearing account pending appeal.

## DISCUSSION

The issue on appeal is whether 11 U.S.C. § 1326(a)(2) requires the trustee to return payments made toward an unconfirmed chapter 13 plan to the debtor even though such payments are subject to IRS levy under 26 U.S.C. §§ 6321 and 6331. This is a question of statutory interpretation subject to *de novo* review. *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707 (9th Cir.1986).

The Bankruptcy Code provides that "[i]f a plan is not confirmed, the trustee shall return any [payment made pursuant to the plan] to the debtor...." 11 U.S.C. § 1326(a)(2) (1995). The Internal Revenue Code, on the other hand, creates a lien on a tax debtor's property, attaching at the time the taxes are assessed. 26 U.S.C. § 6321; *In re Wright*, 156 B.R. 549 (Bankr.N.D.Ill. 1992). The Code gives the IRS the authority to collect the unpaid taxes by levying the taxpayer's property, that is by seizing the property "by any means" and selling it to satisfy the lien. 26 U.S.C. §§ 6331(a) and (b). Section 6334(c) provides that "[n]otwithstanding any other law of the United States ..., no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." No exemptions are applicable here. Section 6332(a) requires third parties to surrender property subject to an IRS tax lien.

Under the above provisions, the IRS had the authority to seize the $24,000 and the debtors had a right to the return of the $24,000. The bankruptcy court attempted to resolve any conflict between debtors' right and the IRS's authority by ordering the disbursement of the funds to the debtors, while acknowledging that those funds, once disbursed, could be subject to levy by the IRS. Such a disposition satisfies 11 U.S.C. § 1326 by effecting the return of the property to the debtors while not divesting the IRS of their right to levy the property once in the debtors' possession. However, it is apparent that the IRS will ultimately hold the superior right of possession as to the $24,000. Judicial economy favors enforcement of the lien in the readily available forum. Moreover, the bankruptcy court's approach compromises the IRS's power to use "any means" to seize the encumbered property. 26 U.S.C. § 6331(b). Appellees have provided no poli-

cy reasons why they should be able to take short-term possession of the money and require the IRS to reinitiate proceedings to enforce its lien.

### CONCLUSION

The decision of the bankruptcy court is reversed, and the trustee is ordered to disburse the $24,000 in payments (plus interest) to the Internal Revenue Service. All other pending motions are denied as moot.