**FRIKO CORPORATION, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE,
Defendant.**

No. 93–109–CIV.

United States District Court,
S.D. Florida.

Sept. 28, 1994.

Donald Lee Ferguson, Boca Raton, FL, Montgomery Blair Sibley, Miami, FL, for plaintiff.

Jose Francisco De Leon, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

### MEMORANDUM OPINION

FERGUSON, District Judge.

**THIS CAUSE** came before the Court for a nonjury trial on August 25, 1994. The sole issue to be tried was plaintiff's claim for damages, pursuant to section 7433 of the Internal Revenue Code, for unauthorized collection actions. After hearing argument of counsel, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On May 4, 1994, the defendant issued a Termination Assessment taxing plaintiff as a resident corporation. Two days later, the United States made a Jeopardy Assessment regarding Friko Corporation's tax liabilities for the years 1985 through 1989. Plaintiff filed a Petition for Administrative Review of the Jeopardy Assessment. On June 28, 1991, the defendant issued a Notice of Deficiency to Friko Corporation. Friko filed a petition with the Tax Court seeking a redetermination of the deficiency. On December 13, 1991, July 10, 1992, and November 4, 1992, defendant served Notices of Levy on Merrill Lynch regarding Friko's account. These levies were also appealed by Friko Corporation's filing of a Protest and Petition for Administrative Review of Levy.

### CONCLUSIONS OF LAW

■ 1. The failure of the defendant to issue a 30–day notice of intent to levy pursuant to section 6331(d), prior to issuing the notices of levy, did not constitute an unauthorized collection practice. A 30–day notice of intent to levy is not required where the Secretary has made a finding that the collection of the tax is in jeopardy. 26 U.S.C. § 6331(d)(3). Because a jeopardy assessment had been issued against Friko Corporation on May 3, 1991, a 30–day notice of intent to levy was not required.

■ 2. The defendant's failure to make written findings concerning the levies did not constitute an unauthorized collection activity because the levies at issue were not jeopardy levies. The defendant mailed a Deficiency Notice to the plaintiff on June 28, 1991 and the earliest levy in this case was not made until December 1991—almost six months later. The Notice of Deficiency mailed to plaintiff constituted the "practical equivalent" to the notice and demand for payment required by section 6331(a). As such, this Court agrees with the Tax Court's conclusion that the levies at issue were not jeopardy levies "made under section 6331(a) less than thirty days after the notice and demand for payment is made under 6331(a)". Consequently, the defendant was not required by section 7429(a)(1) to provide the taxpayer with written findings.

■ 3. Any alleged failure of the defendant to conduct an administrative review of the December 13, 1991, July 10, 1992, and November 6, 1992, levies did not constitute an "unauthorized collection action" as contemplated by section 7433. Although a failure to conduct an administrative review of a levy may constitute a due process violation, the administrative review is not in itself a collection action. *See, e.g., Miller v. United States,* 763 F.Supp. 1534 (N.D.Cal.1991) (mere assessment is not collection action for purposes of statute); *Crowd Management Servs., Inc. v. United States,* 792 F.Supp. 87, 89 (D.Or.1992) (section 7433 is limited to actions in connection with the collection of the tax and does create a cause of action contesting the determination of tax).

■ 4. Finally, even if liability had been established, the plaintiff failed to present competent evidence of damages. Counsel's allegation that the defendant's unauthorized collection action prevented the plaintiff from switching its funds from a low yield to a high yield account, allegedly a more advantageous market position, is highly speculative and insufficient to support an award of damages. *See Resolution Trust Corporation v. Stroock & Stroock & Lavan,* 853 F.Supp. 1422 (S.D.Fla.1994).

968

For all the above reasons, defendant is entitled to a judgment.

**DONE AND ORDERED.**