**CROWD MANAGEMENT SERVICES, INC., an Oregon corporation, and James J. DeLoretto, Plaintiffs,**

v.

**UNITED STATES of America, Defendant,**

**Civ. No. 90–1093–MA.**

United States District Court, D. Oregon.

March 12, 1992.

Robert D. Newell, Davis Wright Tremaine, Portland, Or., for plaintiffs.

Charles H. Turner, U.S. Atty., Portland, Or., Mark E. Nebergall, Trial Atty., Tax Div., U.S. Dept. Justice, Washington, D.C., for defendant.

## OPINION

MARSH, District Judge.

Plaintiffs Crowd Management Services, Inc. ("Crowd Management") and James J. DeLoretto ("DeLoretto") brought this action seeking a refund from the Internal Revenue Service (the "IRS") of payments made to the IRS for assessments and penalties. Plaintiff DeLoretto also brought claims for damages against the United States ("Defendant") pursuant to 26 U.S.C. §§ 7432 (Damages for Failure to Release a Lien) and 7433 (Damages for Unauthorized Collection Actions). Defendant filed a counterclaim seeking to recover the unpaid portions of the assessments against both plaintiffs. The following constitutes my findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52.

## BACKGROUND

In 1987, Agent Matthew Armony of the IRS determined that plaintiff Crowd Management had erroneously treated certain of its workers as independent contractors for tax purposes when the workers were, in fact, employees. Accordingly, the IRS made an assessment against Crowd Management for employment taxes which Crowd Management allegedly failed to withhold from the workers it had treated as independent contractors during the 1985 and 1986 tax years. Pursuant to the assessment, a notice of tax lien was subsequently filed against Crowd Management.

On February 15, 1990, as part of its efforts to collect the assessment against Crowd Management, the IRS made an individual, penalty assessment in the amount of $117,314.09 against plaintiff DeLoretto, the president of Crowd Management. The assessment was made pursuant to 26 U.S.C. § 6672.[1]

On October 22, 1990, IRS Agent Dennis Guffey, acting on behalf of the IRS, filed a notice of tax lien against DeLoretto. At the time he filed the notice of federal tax lien, Agent Guffey was unaware that DeLoretto had not received a notice of assessment and demand for payment. Subsequently, on October 22 and 25, 1990, tax liens were recorded against DeLoretto's property.

On October 25, 1990, Agent Guffey, in response to a request from plaintiffs' attorney Patrick Green, faxed copies of the notices of the assessment against DeLoretto to Green. This was the first notice and demand for payment sent to DeLoretto regarding the § 6672 assessment.

On October 24, 1991, I denied DeLoretto's motion for partial summary judgment to the extent it sought to invalidate that portion of the § 6672 assessment attributable to the 1985 tax year. In doing so, I rejected DeLoretto's argument that the § 6672 assessment, to the extent it related to the 1985 tax year, was invalid because the applicable statute of limitations had expired.

However, I granted DeLoretto's motion to the extent it sought to invalidate the liens against him. I found the liens filed against DeLoretto pursuant 26 U.S.C. § 6321[2] were invalid because DeLoretto did not receive a notice and demand for payment prior to the recordation of the liens.

Subsequently, defendant filed a motion for reconsideration of my order holding the liens invalid. I granted this motion, and upon reconsideration, I once again found the liens invalid, but on different grounds. I found the liens invalid because DeLoretto had not received a notice and demand for payment within 60 days of when the assessment was made as required by 26 U.S.C. § 6303(a).[3] In so holding, I express-

---

1. Section 6672 provides for a 100% penalty against any person responsible for collecting, accounting and paying over a tax who willfully fails to do so or who willfully attempts to evade the tax. 26 U.S.C. § 6672(a) (1991).

2. Section 6321 provides, in relevant part: "If any person liable to pay any tax neglects or refuses to pay the same *after demand,* the

amount ... shall be a lien in favor of the United States...." 26 U.S.C. § 6321 (1991) (emphasis added).

3. Section 6303(a) provides that where not otherwise provided, the Secretary shall, as soon as practicable and within 60 days of the making of the assessment, give notice to each person liable for the unpaid tax.

ly found that the § 6303(a) notice requirements applied to § 6321 and that a failure to provide a timely notice invalidated the notice and, thus, the liens based thereon.[4]

Trial was held on December 17, 1991. The issues concerning the validity of the tax assessments against plaintiffs were tried to a jury, and the issues concerning damages were tried to the court. On December 20, 1991, the jury, through a special verdict form, determined that the workers in question were independent contractors, and not employees. The effect of this verdict is to invalidate the assessments against both Crowd Management and DeLoretto.

The remaining issues for the court are as follows: (1) whether plaintiff DeLoretto has proven his claims pursuant to 26 U.S.C. §§ 7432 and 7433; and (2) if so, what damages may he recover.

## DISCUSSION

■ On November 10, 1988, the "Taxpayer Bill of Rights" was enacted as a part of the Technical and Miscellaneous Revenue Act of 1988. Pub.L. No. 100–647 (1988). The Taxpayers' Bill of Rights was enacted to provide additional safeguards to taxpayers so as to strike a fairer balance between the legitimate interests in protecting taxpayers who are honestly attempting to meet their tax burdens and in allowing the IRS to continue its efforts to vigorously enforce the tax laws. See 134 Cong.Rec. 33563 (daily ed. Oct. 21, 1988) (statement of Rep. Pickle) ("I am satisfied that the taxpayers safeguards included in this bill will protect the legitimate interests of taxpayers who are honestly attempting to meet their tax obligations, while, at the same time, allowing the IRS to continue its efforts to vigorously enforce our tax laws.");

Id. at S 15074 (daily ed. Oct. 7, 1988) (statement of Sen. Pryor) ("I ... believe that the taxpayers' bill of rights would correct the balance of fairness in favor of the American taxpayer, and it will do so without hindering the IRS' ability to collect lawfully owed taxes."); Id. at S 15078 (statement of Senator Levin) ("While it is important that the IRS be given powerful enforcement capabilities—it is equally vital that these capabilities be used fairly.").

As part of this balance, sections 6240 and 6241 of the Act create limited private causes of action for taxpayers who are injured by improper IRS actions. Codified at 26 U.S.C. §§ 7432 and 7433 (1991). Since each section constitutes a waiver of the United States' sovereign immunity, they must be construed strictly in favor of the sovereign and not enlarged beyond what that language requires. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983).

### 1. *26 U.S.C. § 7432—Failure to Release a Lien*

Section 7432 provides that a taxpayer may bring a civil action for damages against the United States if an officer or employee of the IRS knowingly or negligently fails to release a lien under section 6325 on property of the taxpayer. 26 U.S.C. § 7432(a). The IRS is required to release a lien under section 6325 when: (1) the Secretary finds the liability for the amount assessed has been satisfied; (2) the Secretary finds the liability for the amount assessed has become legally unenforceable; or (3) the Secretary has accepted a bond. 26 U.S.C. § 6325.[5]

DeLoretto contends he is entitled to damages under section 7432 because the IRS

---

**4.** Defendant argued that even if § 6303(a) applied to § 6321, an untimely notice under § 6303(a) does not invalidate the notice. In support, defendant cited Treasury Regulation § 301.6303–1(a) which provides, in relevant part: "[T]he failure to give notice within 60 days does not invalidate the notice." 26 C.F.R. § 301.6303–1(a) (1991). In reaching my decision, I expressly rejected defendant's argument and the language cited from the Treasury Regulation.

**5.** 26 C.F.R. § 301.6325–1(a)(1) (1991) provides in part: "Any district director may issue a certificate of release of a lien imposed with respect to any internal revenue tax, whenever he finds that the entire liability for the tax has been satisfied or has become unenforceable as a matter of law (and not merely uncollectible or unenforceable as a matter of fact)."

failed to release the lien against him within 30 days after the IRS knew the lien was legally unenforceable. DeLoretto argues that the IRS should have known that the lien was unenforceable when it determined that DeLoretto had not received a notice and demand within sixty days after the date of the assessment as is required by 26 U.S.C. § 6303(a). However, DeLoretto's claim under section 6325 fails for two reasons.

■ First, DeLoretto has failed to prove that the Secretary found the lien to be legally unenforceable. Though DeLoretto has presented evidence that at least one IRS agent believed the liens unenforceable[6], that position does not appear to have been adopted by the Secretary or a district director. Indeed, throughout this litigation, the attorney for the United States consistently argued that the lien remained enforceable despite the failure to provide timely notice pursuant to section 6303. As stated above, the government's position was specifically supported by Treasury Regulation § 301.6303–1(a) and was taken in good faith. Not until after my decision finding the lien invalid becomes final will the Secretary precluded from finding the lien legally enforceable.

■ Second, section 6325 does not require the release of a lien where, as here, that lien is rendered administratively unenforceable due to a failure to issue a notice and demand pursuant to section 6303. Section 6325 only requires the release of a lien where the amount assessed has been satisfied, the liability for the amount assessed has become legally unenforceable, or the Secretary has accepted a bond conditioned upon the payment of the amount assessed.

In the present case, the amount assessed was not satisfied, nor was a bond provided to the Secretary. The only issue is whether the liability for the amount assessed had become legally unenforceable. There is no question that if the jury verdict becomes final, the liability for the amount assessed will be legally unenforceable, and thereupon, the Secretary will be required to release the lien. The legal unenforceability of the liability, however, was not a fact confronting the Secretary prior to the jury's verdict. Nor will the jury's verdict be determinative of the legal unenforceability of the liability until after a final disposition of this action.

■ Furthermore, the IRS' failure to issue a timely notice and demand did not render the liability for the amount assessed unenforceable. The failure of the IRS to issue a notice and demand in accordance with the terms of section 6303, while rendering the administrative lien unenforceable, does not render the underlying tax liability unenforceable. See U.S. v. Chila, 871 F.2d 1015, 1019 (11th Cir.1989) (holding that trial court correctly interpreted section 6303 as applying only in the case of a summary enforcement proceeding, and not as a prerequisite to a civil suit to collect the tax assessment), cert. denied, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989); U.S. v. Berman, 825 F.2d 1053 (6th Cir.1987) (failure to provide notice under section 6303 does not bar civil action to collect tax liability; such notice and demand apply only when government seeks to collect tax administratively).

Accordingly, I find that plaintiff DeLoretto has failed to prove his claim for damages pursuant to section 7432.

2. *26 U.S.C. § 7433—Unauthorized Collection Actions*

■ Section 7433 provides that a taxpayer may bring a civil action for damages against the United States if, in connection with the collection of Federal tax with respect to that taxpayer, an officer or employee of the IRS recklessly or intentionally disregards any provision of Title 26, or any regulation promulgated thereunder. 26 U.S.C. § 7433(a). An action may not be

---

6. On April 9, 1991, I.R.S. Resolution Officer Larry Hillebrecht sent a letter to Patrick Green admitting that the I.R.S. liens were unenforceable due to the failure to provide Notice and Demand. However, since this matter had previously been referred to the Department of Justice upon the filing of this lawsuit by plaintiffs, only the Attorney General had authority to make any compromises on this matter. 26 U.S.C. § 7122 (1991).

brought under section 7433 alleging mere negligence or carelessness. Conference Report on H.R. 4333, 134 Cong.Rec. H11063–H11064 (daily ed. Oct. 21, 1988). Furthermore, section 7433 is limited to actions in connection with the collection of tax, and does not create a cause of action contesting the determination of tax. *Id.* at H11064.

■ DeLoretto contends that employees of the IRS recklessly or intentionally disregarded four different sections of Title 26. First, DeLoretto claims that the IRS failed to use the common law test required by 26 U.S.C. § 3121(d)(2)[7] in determining that certain workers for Crowd Management were employees and not independent contractors. However, the alleged inaction by the IRS in this instance was solely in connection with the determination of a tax against Crowd Management, and not in connection with the collection of any tax against DeLoretto. Furthermore, the evidence at trial showed that IRS Agent Matthew Armony did, in fact, apply the common law factors in determining that certain Crowd Management workers were employees. Agent Armony's conclusion, though at odds with the conclusion subsequently reached by the jury, was not outside the realm of reason. As such, Agent Armony's determination that the workers were employees does not constitute a reckless or intentional violation of section 3121(d)(2).

Second, DeLoretto argues that the IRS failed to provide a notice and demand for payment to DeLoretto within 60 days of the assessment against him as is required by 26 U.S.C. § 6303. While this is true, DeLoretto has not proven that the failure to provide a notice and demand for payment was intentional or reckless. The IRS agents responsible for making the assessment against DeLoretto, Dennis Guffey and Glenda Gill, both testified that they did not send out a notice and demand. However, Agent Guffey further testified that the notice and demand was usually sent to the taxpayer through the IRS' automated computer system in Ogden, Utah, and Agent Guffey had assumed DeLoretto had received such. Accordingly, I find nothing in the record which indicates that IRS' failure to send out a notice and demand was intentional or reckless, rather than merely negligent or inadvertent.

Third, DeLoretto contends that the IRS' failure to release the lien was an intentional violation of 26 U.S.C. § 6325. However, as stated above, nothing in section 6325 required the IRS to release the lien at any time prior to a final disposition of this case.

■ Fourth, DeLoretto claims the IRS violated 26 U.S.C. § 6672 by failing to investigate the "willfulness" requirement necessary for the imposition of a penalty under that section. To decide this issue, I must first determine whether the assessment of a penalty under § 6672 is a collection action for purposes of § 7433 rather than a determination of tax. While this issue has not been addressed by any court, I find that a § 6672 penalty assessment is a collection action. Indeed, the only purpose of a § 6672 penalty assessment is to collect a tax from the person responsible for collecting, accounting for and paying over that tax. Accordingly, DeLoretto's claim that the IRS intentionally or recklessly violated the provisions of § 6672 must be considered in light of the evidence presented at trial.

However, upon the evidence, DeLoretto has failed to prove his claim. The evidence presented at trial does not show, as DeLoretto claims, that the IRS failed to investigate the "willfulness" requirement under § 6672 prior to making the penalty determination against DeLoretto. Though it was stipulated that Agent Gill made no investigation regarding "willfulness" and Agent Guffey testified that he made no such investigation, Agent Guffey also testified that Agent Armony was the IRS agent who recommended the imposition of the section 6672 penalty. Plaintiffs did not question Agent Armony at trial about the "willfulness" determination he made, nor did they

---

**7.** Section 3121(d)(2) provides that the usual common law rules for determining an employer-employee relationship are applicable for determining an "employee" for purposes of Title 26. 26 U.S.C. § 3121(d)(2).

show that Agent Armony did not do an investigation into "willfulness." Furthermore, there is no dispute but that DeLoretto was the responsible party for paying taxes on behalf of Crowd Management if taxes were due. Thus, there is no evidence that Agent Armony did not make a "willfulness" investigation, or that his recommendation for the imposition of a section 6672 penalty was clearly erroneous.

Accordingly, I find that plaintiff DeLoretto has failed to prove that any employee or officer of the IRS intentionally or recklessly violated any provision of Title 26 or any regulation promulgated thereunder.

## CONCLUSION

Based on the foregoing, plaintiff DeLoretto's second and third claims for relief are DISMISSED with prejudice.