**Paul A. BILZERIAN, and Terri L. Steffen, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 94–942–CIV–T–17E.**

United States District Court,
M.D. Florida,
Tampa Division.

May 22, 1995.

---

the clerk to correct the docket in this case to reflect the Defendant GTE, Inc.'s name change to GTE Corporation.

See also 881 F.Supp. 571.

B. Gray Gibbs, Gibbs & Runyan, P.A., St. Petersburg, FL, for plaintiffs.

James B. Thompson, Jr., U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

### *ORDER ON DEFENDANT UNITED STATES' MOTION FOR SUMMARY JUDGMENT*

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant United States' Motion for Summary Judgment (Dkt. No. 15) and the opposition of the Plaintiff (Dkt. No. 20).

### STANDARD OF REVIEW

A motion for summary judgment should only be entered where the moving party has sustained its burden of showing that there is no genuine issue of material fact in dispute when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). Furthermore, the Su-

preme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), held:

> [T]he plain language of Fed.R.Civ.P. 56(c) mandates summary judgment after adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial.

*Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court further held that the non-moving party must go beyond the pleadings, pursuant to Rule 56(e), to establish whether there are specific facts showing that a genuine issue for trial exists. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

## FINDINGS OF FACT

The following facts, as to which there is no genuine issue, are pertinent to the Court's consideration of this motion:

1. Plaintiffs timely filed their joint U.S. Individual Tax return (Form 1040) for the year ending December 31, 1985. (Dkt. Nos. 1, 4).

2. On or about October 13, 1989, the District Director of the Internal Revenue Service (hereafter "IRS") sent Plaintiffs a Notice of Deficiency, informing Plaintiffs that the IRS proposed to assess additional income tax liabilities against Plaintiffs for the tax year 1985. (Dkt. Nos. 1, 4).

3. This proposed additional assessment was for the following amounts: 1. fifty-nine thousand three hundred ninety-two and 00/100 dollars ($59,392.00), together with fraud penalties, under 26 U.S.C. § 6653(b), of twenty-nine thousand six hundred ninety-six and 00/100 dollars ($29,696.00); 2. fraud penalties, under 26 U.S.C. § 6653(b)(2), in the amount of fifty percent (50%) of the interest due on fifty-nine thousand three hundred ninety-two and 00/100 dollars ($59,392.00); 3. substantial understatement penalties, under 26 U.S.C. § 6661, in the amount of fourteen thousand eight hundred forty-eight and 00/100 dollars ($14,848.00). (Dkt. Nos. 1, 4).

4. The ninety (90) day period for Plaintiffs to file a petition in the Tax Court expired without a petition being filed. (Dkt. Nos. 1, 4).

5. On February 26, 1990, Plaintiffs were assessed additional taxes, penalties, and interest and given notice and demand for payment. The assessment totaled $156,755.82. This amount reflected the deficiency determined from the tax year 1985. These assessments were: deficiency taxes of $59,392.00, interest of $36,054.00, substantial understatement penalty of $14,848.00, and a fraud penalty of $44,117.65. (Dkt. Nos. 1, 4).

6. Plaintiffs paid one hundred sixty thousand seven hundred twenty-nine and 44/100 dollars ($160,729.44) to the IRS on or about May 25, 1990. This amount satisfied, in full, all of the deficiencies assessed against Plaintiffs by the Commissioner of the IRS for the tax period ending December 31, 1985. (Dkt. Nos. 1, 4).

7. Subsequently, Plaintiffs filed an amended joint U.S. Individual Tax Return (Form 1040X) with the District Director of the Internal Revenue in Jacksonville, Florida on July 27, 1990. On this amended return, Plaintiffs claimed a tax refund due to Plaintiffs for the tax period ending December 31, 1985. This refund claim was for the amount of fifty-nine thousand three hundred ninety-two and 00/100 dollars ($59,392.00). (Dkt. Nos. 1, 4).

8. Plaintiffs additionally filed a claim for refund (Form 843) with the District Director in Jacksonville, Florida in the amount of one hundred one thousand three hundred thirty-seven and 44/100 dollars ($101,337.44). This claim represented the fraud penalty, substantial underpayment penalty, statutory interest, and additional interest assessed against Plaintiffs in the Notice of Deficiency, which was subsequently paid by Plaintiffs. (Dkt. Nos. 1, 4).

9. On April 15, 1991, the IRS refunded one hundred twenty-five thousand five hundred forty-five and 35/100 dollars ($125,-545.35) to Plaintiffs. (Dkt. Nos. 1, 4).[1]

---

1. The Court notes that, prior to the erroneous refund automatically issued due to a computer error on April 15, 1991, the IRS manually issued a refund to Plaintiffs on March 25, 1991. ("Memorandum in Support of Defendant's Motion for Summary Judgment," Exhibit A to De-

10. The IRS filed an action for erroneous refund against Plaintiffs on January 28, 1993. This action was still pending at the time of the filing of this motion and the Court has not received notice that it has been resolved. (Dkt. Nos. 1, 4).

11. Subsequently, on April 4, 1994, a Notice of Federal Tax Lien, in the amount of $125,545.35, was filed with the Crow Wing County Recorder, Brainerd, Minnesota against property which is titled solely to Plaintiff Steffen. This Notice of Federal Tax Lien was filed solely against Plaintiff Steffen. (Dkt. Nos. 1, 4).

12. In response, on May 10, 1994 and May 24, 1994, Plaintiffs requested that the IRS release the lien under 26 U.S.C. § 6325. The IRS has not released this lien. (Dkt. No. 12).

13. The IRS has not issued a Notice of Deficiency against Plaintiffs regarding the 1985 tax year other than the Notice of Deficiency issued by the IRS on October 13, 1989. (Dkt. Nos. 1, 4).

14. On June 13, 1994, Plaintiffs filed a complaint in the instant case which alleged two (2) counts. Plaintiffs claimed in Count I, that Plaintiffs are entitled to damages under 26 U.S.C. § 7432. In addition, in Count II, Plaintiffs prayed that this Court enter both preliminary and permanent injunctions against Defendant which would direct Defendant to release the tax lien filed by Defendant against Plaintiff Steffen. (Dkt. No. 1). Defendant answered Plaintiffs' Complaint in a timely manner. (Dkt. No. 4).

15. Subsequently, Defendant filed a Motion for Judgment on the Pleadings solely with respect to the claims of Plaintiff Bilzerian. (Dkt. No. 10). Plaintiff Bilzerian responded to this motion. (Dkt. No. 11).

16. This Court, in its "Order on Defendant United States' Motion for Judgment on the Pleadings," granted Defendant's motion in so far as Plaintiff Bilzerian was dismissed

for lack of standing and Count II of Plaintiffs' Complaint was dismissed for lack of jurisdiction. Pursuant to this Order, only Plaintiff Steffen remains before the Court proceeding in Count I. (Dkt. No. 26).

17. Plaintiff Steffen filed a Motion for Reconsideration of Order on Defendant United States' Motion for Judgment on the Pleadings. (Dkt. No. 27). Specifically, Plaintiff Steffen requested that this Court reconsider and alter or amend the Court's judgment in which it dismissed Count II of Plaintiffs' Complaint for lack of jurisdiction. (Dkt. No. 27). Defendant submitted an opposition to Plaintiff Steffen's motion. (Dkt. No. 28).

18. In addition, Plaintiffs filed a Motion for Partial Summary Judgment. (Dkt. No. 13). Defendant responded to this motion. (Dkt. No. 18).

19. Subsequently, this Court, in an Order dated April 3, 1995, denied both Plaintiff's Motion for Reconsideration and Plaintiff's Motion for Partial Summary Judgment. (Dkt. No. 31).

20. Defendant has filed a Motion for Summary Judgment, which is the subject of this order. (Dkt. No. 15). Plaintiffs have responded to this motion. (Dkt. No. 20).

## DISCUSSION

### I. ARGUMENTS OF THE PARTIES:

Defendant asserts that Plaintiff's liability is not fully satisfied due to the erroneous refund paid by the IRS to Plaintiffs on April 15, 1991. (Dkt. No. 16). Further, Defendant contends that, pursuant to 26 U.S.C. § 6502, the erroneous refund can be collected without another assessment of tax on Plaintiffs. (Dkt. No. 16). Specifically, Defendant states that no further assessment is required because the refund erroneously issued to Plaintiffs on April 15, 1991, was a non-rebate refund. (Dkt. No. 16). Furthermore, Defen-

fendant's Motion for Summary Judgment, Dkt. No. 16.) The refund issued on March 25, 1991, is not a matter of dispute between the parties, and therefore, is not a subject of this case. In addition, Defendant, in footnote 2 of its Memorandum in Support of Motion for Summary Judgment, states that the erroneous payment to

Plaintiffs was made on February 17, 1986. Upon the Court's review of the record in this case, the Court does not find any factual basis that the IRS issued a refund on that date. Furthermore, absent such a factual basis, the Court finds that erroneous refund date in issue is April 15, 1991.

dant states that an assessment is merely a bookkeeping record of a taxpayer's liability for a tax year whether or not the liability has been paid. (Dkt. No. 16). An assessment, therefore, is distinct from a tax liability and is not automatically extinguished when a taxpayer pays the liability. (Dkt. No. 16). Rather, the assessment continues in perpetuity until the liability is satisfied by payment. (Dkt. No. 16). Thus, the IRS is not required to resort to an additional assessment in order to collect the erroneous refund.

Plaintiffs respond to Defendant's motion arguing that they satisfied their 1985 tax liability by paying to the IRS one hundred sixty thousand seven hundred twenty-nine and 44/100 dollars ($160,729.44), in satisfaction of all of the deficiencies assessed against Plaintiffs by the Commissioner of the IRS for the tax period ending December 31, 1985. (Dkt. No. 20). Plaintiffs, therefore, argue that the Government is required either to win a suit for erroneous refund under 26 U.S.C. § 7405 or to follow statutory deficiency procedures before it can assess and file a lien against Plaintiff's property. (Dkt. No. 20). In addition, Plaintiff contends that the erroneous refund was a rebate refund. (Dkt. No. 20). Plaintiff states that Defendant cannot demonstrate to the Court that an issue of fact does not exist regarding whether the refund to Plaintiffs was rebate or non-rebate. (Dkt. No. 20).

The Court recognizes the arguments set forth by both Plaintiffs and Defendant. After thorough consideration of the issues before the Court in this motion, and finding that no genuine issue of fact exists, the Court, for the reasons and findings stated below, grants Defendant United States' Motion for Summary Judgment (Dkt. No. 15).

## II. FINDINGS OF LAW AND ANALYSIS:

■ Sections 6212 and 6213 provide the procedural steps that the IRS must follow before it may place a lien on a taxpayer's property in order to satisfy an income tax deficiency. 26 U.S.C. §§ 6212, 6213 (1994). First, the IRS must notify the taxpayer that the IRS has determined a deficiency. 26 U.S.C. § 6212. The taxpayer then has nine-

ty (90) days in which to file a petition in the Tax Court. 26 U.S.C. § 6213. If the taxpayer subsequently files a petition in the Tax Court, the IRS is further prohibited from assessment or levy until the Tax Court issues a judgment. 26 U.S.C. § 6213. The IRS is allowed to assess an actual tax liability and issue a notice of demand for tax only after the ninety (90) day period has expired or after the litigation in the Tax Court has been resolved. 26 U.S.C. § 6303 (1994).

Subsequently, once a taxpayer has satisfied a deficiency owed to the IRS, that taxpayer's liability is extinguished. *United States v. Wilkes,* 946 F.2d 1143 (5th Cir. 1991); *Rodriguez v. United States,* 629 F.Supp. 333 (N.D.Ill.1986). In general, if the IRS subsequently issues a refund to a taxpayer, this refund cannot revive the taxpayer's liability. *Wilkes,* 946 F.2d at 1150. Rather, this subsequent refund creates the potential for a new liability. *Purcella v. United States,* 92–1 U.S.T.C. ¶ 50,083 (D.Colo.1992), 1992 WL 8723; *Rodriguez,* 629 F.Supp. at 344. A claim of the IRS, therefore, can only be based on the issuance of the erroneous refund, not the previously paid assessment. *Purcella,* 1992 WL 8723, at *3.

■ The Internal Revenue Code ("the Code") has recognized two types of refunds: rebate and non-rebate refunds. Rebate refunds occur where the IRS has made a redetermination of liability which reduces the amount of the original assessment. 26 U.S.C. § 6211(b)(2). Non-rebate refunds occur where the IRS automatically returns to the taxpayer an amount assessed for a reason not based on a redetermination of liability. *Wilkes,* 946 F.2d at 1148. Rather, this type of refund is due to a clerical or computer error. *O'Bryant v. United States,* 49 F.3d 340 (7th Cir.1995).

Where the IRS issues an erroneous refund, the methods available for recovering the amount depend on whether the refund is rebate or non-rebate. *O'Bryant,* 49 F.3d 340. The Court, therefore, must first determine what type of refund was issued in this case. Defendant asserts that the erroneous refund at issue in this case was a non-rebate refund due to a computer error. (Dkt. No.

16). Plaintiff, conversely argues that the Stipulation of Facts (Dkt. No. 12) "clearly established" that the refund was a rebate refund because it "was issued subsequent to the filing of a refund claim by the Plaintiffs and related to Plaintiffs' 1985 tax year." (Dkt. No. 20). Plaintiff further contends that an issue of fact exists regarding whether the April 15, 1991, refund falls into the rebate or non-rebate category. (Dkt. No. 20). Plaintiff is incorrect regarding what is stated in the Stipulation of Facts (Dkt. No. 12). The Stipulation of Facts never mentions what type of refund occurred, but merely states that, "[o]n or about April 15, 1991, the Internal Revenue Service refunded $125,545.35 to Paul Bilzerian and Terri Steffen." (Dkt. No. 12). After thorough examination of the facts in this case, the Court agrees with Defendant that the April 15, 1991, refund at issue in this case is a non-rebate refund. Exhibit A of Defendant's motion clearly and sufficiently establishes that the April 15, 1991, refund was automatically issued to Plaintiffs as a second refund because of a computer error, and therefore, is a non-rebate erroneous refund. Plaintiffs have not established that specific facts exist to show that a genuine issue exists for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. The Court, therefore, determines that no issue of fact exists.

■ The Court now must examine what the IRS is authorized to do to recover an erroneous non-rebate refund. Specifically, the Court must determine whether the IRS may collect the erroneous refund issued to Plaintiffs on April 15, 1991, without resort to further assessment once Plaintiffs' 1985 tax liability has been paid and satisfied. In order to retrieve a non-rebate erroneous refund, the IRS is permitted to collect this amount pursuant to the powers of Congress. *Purcella,* 1992 WL 8723, at *4.

■ Where the IRS issues an erroneous refund to a taxpayer, the IRS has two means which it may employ to recover the refund amount. The IRS may either: (1) file an erroneous refund suit under 26 U.S.C. § 7405, or (2) follow the ordinary administrative post-assessment collection procedures under 26 U.S.C. §§ 6212 and 6213. *Rodriguez,* 629 F.Supp. 333. A suit to collect an erroneous refund under § 7405 "shall be allowed only if such suit is begun within [two] 2 years after the making of such refund." 26 U.S.C. § 6531 (1994). If the IRS does not file an erroneous refund suit within the two-year statute of limitations period, it is not limited to filing an action under § 7405 to recover an erroneous refund. *Purcella,* 1992 WL 8723, at *4. Where the IRS has made new assessment the erroneously refunded amount, the IRS may collect this amount through ordinary collection procedures within a ten (10) year period after the assessment of the tax. 26 U.S.C. § 6502.

■ These procedures were designed to give taxpayers new notice of their tax liability. *O'Bryant v. United States,* 839 F.Supp. 1321, 1327 (C.D.Ill.1993), *aff'd,* 49 F.3d 340 (7th Cir.1995). Unless the IRS provides the taxpayer with notice by following the methods set out by Congress in the Code, it is not entitled to regain the erroneous refund, and the taxpayer may lawfully gain a windfall from the error of the IRS. *O'Bryant,* 839 F.Supp. at 1327–28; *Purcella,* 1992 WL 8723, at *4. What is important is that the taxpayer is provided with notice of the erroneous refund and the Government's desire to collect this amount. *Purcella,* 1992 WL 8723, at *4; *O'Bryant,* 839 F.Supp. 1321.

Defendant has asserted that it is not required to make an additional assessment in order to retrieve the erroneous refund. (Dkt. No. 20). The Court does not agree with this assertion and finds it to be incorrect. Plaintiffs' 1985 tax liability was satisfied when Plaintiffs paid $160,729.66 to the IRS. The IRS cannot rely on the original assessment to collect the erroneous non-rebate refund in this case. Defendant must act within the specifically delineated authority given to the IRS by Congress for collecting erroneous refunds. Here, Defendant acted within this authority by instituting an erroneous refund suit within the two (2) year statute of limitations period, pursuant to 26 U.S.C. § 7405. Furthermore, Defendant's argument misses the point in this case. Defendant unnecessarily spends the majority of its memorandum of law in support of its motion (Dkt. No. 16) arguing erroneously that it can collect the erroneous refund

amount without resort to further action when Defendant has already taken the required additional action to recover the refund amount. Only because Defendant acted in accordance with the authority granted by Congress, is the lien on Plaintiff Steffen's property valid.

Plaintiff contends that the Government is required to win the erroneous refund suit pending before the Tax Court before it may assess the tax liability against Plaintiff. (Dkt. No. 20). As the Court previously stated in it "Order on Plaintiffs' Motion for Reconsideration of Order on Defendant United States' Motion for Judgment on the Pleadings" (Dkt. No. 31), Plaintiff has not presented any legal support for this proposition to the Court. Furthermore, the Court, after thorough research of this issue, has not found any support for Plaintiff's contention. By filing an erroneous refund suit under § 7405, Defendant provided Plaintiff with proper notice of its intention to recover the erroneous refund. Because Defendant provided Plaintiff with proper notice by filing a § 7405 erroneous refund suit, the lien, imposed subsequently to the suit on Plaintiff Steffen's property, is valid. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. No. 15) is **granted,** and the Clerk of the Court be **directed** to enter judgment for Defendant United States, pursuant to this order.

**DONE** and **ORDERED.**