United States Court of Appeals,

Eleventh Circuit.

No. 95-2744.

Paul A. BILZERIAN, Plaintiff,

Terri L. Steffen, Plaintiff-Appellant,

v.

USA, Defendant-Appellee.

July 1, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-942-CIV-T-17E), Elizabeth A. Kovachevich, Chief Judge.

Before EDMONDSON and DUBINA, Circuit Judges, and LOGAN[*], Senior Circuit Judge.

PER CURIAM:

Terri Steffen appeals the district court's order granting summary judgment to the Internal Revenue Service ("IRS") on her claim for damages under 26 U.S.C. § 7432. We reverse and remand for a determination of damages, if any.

*Background*

Steffen and her husband Paul Bilzerian ("Plaintiffs") timely filed their 1985 joint tax return. In October 1989, the IRS sent Plaintiffs a notice of deficiency, informing Plaintiffs that the IRS proposed to assess additional income tax liabilities against Plaintiffs for 1985. Plaintiffs did not file a petition contesting the proposed assessment in the Tax Court.

In February 1990, Plaintiffs were assessed an additional $156,755.82, reflecting a deficiency for 1985 in the amount of

---

[*]Honorable James K. Logan, Senior U.S. Circuit Judge for the Tenth Circuit, sitting by designation.

$59,392 plus interest and penalties. In May 1990, Plaintiffs paid the IRS $160,729.44. This sum satisfied all of the deficiencies assessed against Plaintiffs for 1985.

Plaintiffs filed an amended joint return for the 1985 tax year in July 1990. On this return, Plaintiffs claimed a tax refund for 1985 in the amount of $59,392. Plaintiffs also filed a claim for refund (Form 843) in the amount of $101,337.44 for the interest and penalties they paid on the 1985 deficiency.

In April 1991, the IRS then refunded to Plaintiffs $125,545.35. The government contends this refund was issued erroneously as a result of a computer error. In January 1993, the IRS, under 26 U.S.C. § 7405, sought return of the $125,545.35 refund. On 4 April 1994, before a judgment was returned in the section 7405 suit, the IRS filed a Notice of Federal Tax Lien in the amount of $125,545.35 against property owned solely by Plaintiff Steffen. In May 1994, Plaintiffs requested that the IRS release the lien under 26 U.S.C. § 6325. The IRS refused to release the lien. The IRS did not issue a notice of deficiency against Plaintiffs for 1985 except for the original notice issued in October 1989.

Plaintiffs filed a two-count complaint in the district court. Count I claimed damages for failure to release the lien under 26 U.S.C. § 7432. Count II sought preliminary and permanent injunctions ordering the IRS to release the tax lien. In response to the IRS's motion, the district court dismissed Count II and dismissed Plaintiff Bilzerian on Count I for lack of standing. Then, the IRS moved for summary judgment on Count I. The district

court granted summary judgment in favor of the IRS. Steffen appeals.

*Discussion*

Steffen filed suit under 26 U.S.C. § 7432. [1] The district court concluded that Steffen's 1985 liability was completely extinguished when she paid the IRS $160,729.44 and that the IRS could not rely on the original 1985 assessment to collect the erroneous 1991 refund. But, the district court also held that the IRS's tax lien was valid because the IRS had given Steffen notice of its intention to recover the erroneous refund when it *filed* its erroneous refund suit under section 7405.

On appeal, Steffen argues that the IRS, before it begins collection procedures, such as the filing of a tax lien, must prevail in its erroneous refund suit or follow the usual deficiency procedures (notice of deficiency and so on) under 26 U.S.C. § 6212. The IRS now concedes that the mere filing of a section 7405 erroneous refund suit is insufficient to validate a federal tax lien; and we agree that the IRS would need to obtain a judgment in the erroneous refund suit before imposing a lien. The IRS argues, however, that the summary judgment in its favor can, and should, be upheld on different grounds.[2]

---

[1] Section 7432 allows taxpayers to sue for damages if the IRS "knowingly, or by reason of negligence, fails to release a lien" under 26 U.S.C. § 6325. Under 26 U.S.C. § 6325, the IRS is to issue a certificate of release of a lien when the liability for the amount assessed has been fully satisfied.

[2] *See generally United States v. Arthur Young & Co.,* 465 U.S. 805, 814 n. 12, 104 S.Ct. 1495, 1501 n. 12, 79 L.Ed.2d 826 (1984) (judgment may be affirmed on any ground supported by the record).

The IRS contests the district court's conclusion that Steffen's payment of $160,729.44 to the IRS extinguished Steffen's 1985 tax liability.  The IRS says that because the IRS erroneously refunded Steffen's payment, her tax liability is not now extinguished.  The IRS argues that there are two kinds of refunds: rebate and non-rebate.  A rebate refund occurs when the IRS determines that the taxpayer's liability as recorded on IRS records is reduced or eliminated.  The determination of a reduced liability results in an abatement of the original assessment.  A non-rebate refund is any other amount returned to the taxpayer (that is, one not based on a determination that the tax is not owing, but because of other mistakes:  for example, a computer error or an incorrect credit to a taxpayer's account).

The IRS contends that whether a refund is rebate or non-rebate determines the means by which the IRS can recoup the refund.  They say, when a rebate refund is discovered to be erroneous, a later supplemental assessment (preceded by a determination of a deficiency for taxes subject to the deficiency procedures) is necessary for the IRS to collect the liability.  But the IRS says when a non-rebate refund is discovered to be erroneous, because there has been no abatement of the original liability, no need exists for the tax to be reassessed;  and the IRS can use its usual post-assessment tax collection procedures.  The IRS says a non-rebate erroneous refund does not extinguish (or put differently, does revive) the assessed liability or the assessment;  therefore, a non-rebate erroneous refund may be collected without resort to section 7405.

The IRS says the April 1991 refund that Steffen received is a non-rebate refund which resulted from computer error. So, the IRS argues that the district court erred in concluding that Steffen's tax liability was extinguished. The district court found the April refund to be non-rebate, but rejected the IRS's argument that a non-rebate refund revives a previously extinguished assessment.

The majority of courts considering this issue have rejected the IRS's proposed distinction between rebate and non-rebate refunds. *See Clark v. United States,* 63 F.3d 83, 87-88 (1st Cir.1995) (holding that tax assessments are extinguished upon payment and are not revived by non-rebate refund); *O'Bryant v. United States,* 49 F.3d 340, 346-47 (7th Cir.1995) (once paid, tax liability cannot be revived by erroneous refund); *United States v. Wilkes,* 946 F.2d 1143, 1152 (5th Cir.1991) (same).[3] Today, we join these circuits and hold that once a tax liability is paid, no erroneous refund—whether rebate or non-rebate—can revive it.

The district court correctly determined that once an assessment is paid, it is extinguished and correctly set out that the proper procedure for the IRS to collect an erroneous refund is a refund suit under section 7405 or a new assessment, including a

---

[3]The IRS relies on *Davenport v. United States,* 136 B.R. 125, 91-2 U.S. Tax Cas. ¶ 50,531 (W.D.Ky.1991), and *Groetzinger v. Commissioner,* 69 T.C. 309, 1977 WL 3623 (1977). In *Davenport,* the district court affirmed the bankruptcy court's finding that a non-rebate erroneous refund could be collected by ordinary collection procedures. But in *Davenport,* the IRS gave the taxpayers credit for a check that was returned for insufficient funds; the taxpayers never actually paid the liability at issue. In *Groetzinger,* an estate tax case involving underpayments, the tax court concluded that an assessed liability is not extinguished by a payment that is subsequently returned by a mistake unrelated to a determination of the underlying liability. We find these cases unpersuasive.

new notice of deficiency. But we believe the district court erred by concluding that the IRS's mere filing of the section 7405 refund suit gave Steffen sufficient notice to validate the federal tax lien. *See* 28 U.S.C. § 3201 (judgment in civil action shall create lien upon filing certified copy of judgment); *cf. Rodriguez v. United States,* 629 F.Supp. 333, 346 (N.D.Ill.1986) (stating that 26 U.S.C. § 7405 does not authorize pre-suit levy procedure). Therefore, the district court's order granting summary judgment in favor of the IRS is reversed.

The IRS argues that we must remand this case to determine if Steffen is entitled to an award of damages. To be more specific, the IRS argues that liability under 26 U.S.C. § 7432 exists only if the IRS knowingly or negligently failed to release a lien when the *IRS employee knew or should have known the requirements of 26 U.S.C. § 6325 had been satisfied.*

Steffen contends that a remand is unnecessary because the IRS stipulated that (1) Steffen paid $160,729.44 to the IRS, thereby satisfying, in full, all of the deficiencies assessed against Steffen for 1985, and (2) the officer knowingly and intentionally failed to release the lien. The IRS says its stipulation that it knowingly and intentionally failed to release the lien does not resolve the question. The IRS argues that, given the lack of preexisting law on point in this circuit, it honestly and reasonably did not consider Steffen's 1985 liability to be fully satisfied when Steffen sought release of the lien. In this circumstance, the IRS contends that, if the IRS employee refused to release the lien because Steffen's 1985 account showed that a

balance was due, the employee's decision to refuse to release the lien was not a knowing or negligent violation of section 6325.

We remand this case for a determination of damages under 26 U.S.C. § 7432.  On remand, Steffen must show that the IRS employee who failed to release the lien knew or should have known that the requirements under 26 U.S.C. § 6325 had been satisfied.

REVERSED and REMANDED.