**Terri L. STEFFEN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 94–942–CIV–T–17(E).

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 22, 1997.

B. Gray Gibbs, Gibbs & Runyan, P.A., St. Petersburg, FL, for Plaintiff.

James B. Thompson, Jr., David N. Geier, U.S. Dept. of Justice, Tax Division, Washington, DC, for Defendant.

## ORDER ON MOTION FOR JUDGMENT

KOVACHEVICH, Chief Judge.

The cause is before the Court on the defendant United States' motion for judgment, filed October 29, 1996 (Docket No. 47), and response thereto, filed November 8, 1996 (Docket No. 53).

## PROCEDURAL BACKGROUND

The plaintiffs, Paul A. Bilzerian and Terri L. Steffen, commenced this action on June 13, 1994, by filing a two (2) count complaint: Count I—claim for damages pursuant to 26 U.S.C. § 7432 and Count II—claim for preliminary and permanent injunction (Docket No. 1). The defendant United States filed an answer on August 8, 1994, asserting three (3) affirmative defenses: (1) lack of jurisdiction for failure to satisfy the statutory prerequisites of section 7432; (2) lack of standing as to Paul Bilzerian; and (3) lack of jurisdiction due to the claims being barred by 26 U.S.C. § 7421 and 29 U.S.C. § 2201.

This Court entered an order addressing the defendant's motion for judgment on the pleadings (Docket No. 26). *Bilzerian v. United States*, 1995 WL 49394 (M.D.Fla. Feb. 6, 1995). The order granted the motion, in part, dismissing the cause of action as to the plaintiff Bilzerian for lack of standing and dismissing Count II for lack of jurisdiction. At that point, only Count I as to the plaintiff Steffen, remained for consideration.

Thereafter, Steffen filed a motion for reconsideration of the February 6, 1995, order and a motion for partial summary judgment. The defendant also filed a motion for summary judgment. On April 3, 1995, this Court denied both of the plaintiff's motions. *Bilzerian v. United States*, 881 F.Supp. 571 (M.D.Fla.1995). On May 22, 1995, the Court granted the defendants' motion for summary judgment and entered judgment for the defendant (Docket Nos. 36 and 37 respectively). *Bilzerian v. United States*, 887 F.Supp. 1509 (M.D.Fla.1995).

The plaintiff took an appeal on May 31, 1995 (Docket No. 38), and the Eleventh Circuit Court of Appeals issued an opinion on July 1, 1996, mandate entered on August 27, 1996 (Docket No. 42). *Bilzerian v. United States*, 86 F.3d 1067 (11th Cir.1996). The appellate court reversed and remanded the cause of action for a determination of liability and damages pursuant to 26 U.S.C. Section 7432, stating that the plaintiff, on remand, would have to show that the Internal Revenue Service (hereafter the "IRS") employee "who failed to release the lien knew or should have known that the requirements under 26

U.S.C. § 6325 had been satisfied." *Id.* at 1070.

*FINDINGS OF FACT*

The Court has previously determined relevant findings of fact in its February 6, April 3, and May 22, 1995, orders. These facts, unless overturned by the appeals court, are the law of the case. The Court reiterates the relevant facts below, omitting the record citations previously noted:

1. Plaintiffs Bilzerian and Steffen filed their joint U.S. Individual Tax return (form 1040) for the year ending December 31, 1985.

2. On or about October 13, 1989, the District Director of the IRS sent the plaintiffs a Notice of Deficiency, informing them that the IRS proposed to assess additional income tax liabilities against them for the tax year 1985.

3. This proposed additional assessment was for the following amounts: 1) $59,392.00 together with fraud penalties under 26 U.S.C. § 6653(b)(1) of $29,696.00; 2) fraud penalties under 26 U.S.C. § 6653(b)(2) in the amount of 50% of the interest due on $59,932.00; and 3) substantial understatement penalties under 26 U.S.C. § 6661 in the amount of $14,848.00.

4. The ninety (90) day period for the plaintiffs to file a petition in the Tax Court expired without a petition being filed.

5. On February 26, 1990, the plaintiffs were assessed additional taxes, penalties, and interest and given notice and demand for payment. The assessment totaled $156,755.82, for tax year 1985, and included: deficiency taxes of $59,392.00, interest of $36,054.00, substantial understatement penalty of $14,848.00, and a fraud penalty of $44,117.65.

6. On or about May 25, 1990, the plaintiffs remitted to the IRS $160,729.44, as satisfaction in full of all deficiencies assessed by the IRS Commissioner for the tax period ending December 31, 1985.

7. Subsequently, on July 27, 1990, the plaintiffs filed an amended U.S. Individual Tax Return (Form 1040X) with the District Director of the IRS in Jacksonville, Florida. On this amended return, the plaintiffs claimed a tax refund, in the amount of $59,392.00, for the tax period ending December 31, 1985.

8. Plaintiffs also filed a claim for refund (Form 843) with the District Director in the amount of $101,337.44, representing the fraud penalty, substantial underpayment penalty, statutory interest, and additional interest assessed against the plaintiffs, which had been paid by the plaintiffs.

9. On March 25, 1991, the IRS manually issued a refund to the plaintiffs. This refund is not in dispute between the parties. Thereafter, apparently due to computer error, on April 15, 1991, the IRS refunded $125,545.35 to the plaintiffs.

10. The refund issued to the plaintiffs on April 15, 1991, was a "non-rebate" refund. *Bilzerian,* 887 F.Supp. at 1514.

11. The IRS filed an action for erroneous refund on January 28, 1993. At the time this action was filed, the IRS action was still pending and Steffen represents to the Court that this status has not changed as of November 8, 1996. Nonetheless, the outcome of said action is irrelevant to the above-entitled action.

12. Subsequently, on April 4, 1994, a Notice of Federal Tax Lien (hereafter "Lien"), in the amount of $125,545.35, was filed with the Crow Wing County Recorder, Brainerd, Minnesota, against property which is titled solely to Plaintiff Steffen. This lien was filed solely against Terri L. Steffen.

13. On both May 10, 1994, and May 24, 1994, the plaintiffs requested that the IRS release the lien under 26 U.S.C. § 6325. The IRS did not release, and to date has not released, the lien. Exactly how Steffen made these requests, i.e. through formal request, in person, over the telephone, has yet to be factually established.

14. The IRS stipulates that it knowingly and intentionally failed to release the lien. *Bilzerian,* 86 F.3d at 1070.

15. The IRS has not issued a Notice of Deficiency against the plaintiffs regarding the 1985 tax year other than the one issued on October 13, 1989.

*CONCLUSIONS OF LAW FROM APPEL-LATE OPINION*

1. Once a tax liability is paid, no erroneous refund—whether rebate or non-rebate [1] —can revive it. *Bilzerian*, 86 F.3d at 1069.

2. The mere filing of a section 7405 refund was insufficient notice to validate the federal tax lien. *Id.*

3. Liability under 26 U.S.C. § 7432 exists only if the IRS knowingly or negligently failed to release a lien when the IRS employee knew or should have known the requirements of Section 6325 had been satisfied. *Id.* at 1070.

*DEFENDANT UNITED STATES' MO-TION FOR JUDGMENT*

After remand from the court of appeals, the defendant filed a motion for leave to file further dispositive motion on the remand issue. The Court granted that motion and the defendant filed the instant motion. The defendant moves for judgment on the "grounds that the plaintiff cannot as a matter of law make the showing required by the Eleventh Circuit in its remand...." The defendant asserts that the appropriate legal test for making a determination of the remand issue is adoption of the body of case law involving qualified immunity, because the test for qualified immunity is identical that of the test set forth in the appellate opinion in this case. The plaintiff disagrees that the tests are the same, and, further, asserts that the defendant has stipulated to liability and that the only triable issue is one of damages.

### STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Material factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986):

> In our view the plain language of Rule 56© mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. As the district court in *Coghlan v. H.J. Heinz Co.*, 851 F.Supp. 808 (N.D.Tex.1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion," ... the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence of evidence not significantly probative will not defeat a properly supported summary judgment ... The existence of a mere scintilla of evidence will not suffice ... (cites omitted) at 810–811.

### DISCUSSION

■ Under 26 U.S.C. § 7432(a), a taxpayer may bring a civil action against the United

---

1. "A rebate refund occurs when the IRS determines that the taxpayer's liability as recorded on IRS records is reduced or eliminated. The determination of a reduced liability results in an abatement of the original assessment. A non-rebate refund is any other amount returned to the taxpayer (that is, one not based on a determination that the tax is not owing, but because of other mistakes; for example, a computer error or an incorrect credit to a taxpayer's account)." *Bilzerian*, 86 F.3d at 1069.

States "[i]f any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." Relevant portions of 26 U.S.C. § 6325 require the Secretary of the Treasury or his or her duly authorized agent, *id.* § 7701(a)(11)–(12),[2] to release a lien no later than thirty (30) days after the day on which such authorized person "finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable...." *Id.* § 6325(a)(1). If the taxpayer proves the elements of section 7432(a) by a preponderance of the evidence, *Griswold v. United States*, 1994 WL 245223, *7 (M.D.Fla. 1994), he or she is entitled to the sum of: (1) the "actual, direct economic damages sustained by the plaintiff which, but for the actions of the defendant, would not have been sustained," and (2) "the costs of the action." *Id.* § 7432(b)(1)–(2). The trier of fact is the district judge, in that the taxpayer is not entitled to a jury trial. *Weber v. United States*, 1995 WL 559384, *1 (6th Cir.1995).

Applying these statutes to the instant case, the Eleventh Circuit instructed this Court that "Steffen must show that the IRS employee who failed to release the lien knew or should have known that the requirements under 26 U.S.C. § 6325 had been satisfied." *Bilzerian*, 86 F.3d at 1070. This directive, however, constituted the only guidance provided by the circuit court as to the scope of Steffen's burden of proof on remand.

Having reviewed all the relevant—albeit sparse—case law, this Court renders the following conclusions of law:

■ 1. Proving the Government's liability under section 7432(a) is a two-step process.

2. First, Steffen must show that the IRS knew or should have known that the 1991 assessment was fully satisfied or legally unenforceable at the time Steffen requested a release of the federal tax lien. *See Miller v. United States*, 763 F.Supp. 1534, 1542 (N.D.Cal.1991) (summary judgment order).

■ 3. This prong may be satisfied by direct or circumstantial evidence of an actual "finding" by the IRS. *Miller v. United States*, 813 F.Supp. 715, 724–25 (N.D.Cal. 1992) (evaluating evidence of five (5) contacts between the taxpayer and the IRS, and concluding that none of said contacts constituted a "finding" that the assessment was legally unenforceable) (memorandum opinion); *Crowd Management Services, Inc. v. United States*, 792 F.Supp. 87, 91 n. 6 (D.Or.1992) (concluding that a letter by an IRS resolution officer who lacked the requisite authority from the Secretary of the Treasury did not constitute a "finding," despite said officer's admission that the lien in question was unenforceable); *Miklaustch v. Gibbs*, 1990 WL 236045 (D.Alaska 1990) (finding a genuine issue of material fact as to whether a letter from an IRS appeals officer which purported to agree with the taxpayer's position that his assessment was erroneous constituted a "finding" that said assessment was legally unenforceable).

4. Alternatively, this prong may be satisfied by evidence that the IRS had an "obligation" to make such a finding, despite its actual knowledge. *See Crowd Management Services, Inc. v. United States*, 1994 WL 481183, *5 (9th Cir.1994) (unpublished opinion); *Weingardt v. United States*, 1994 WL 238993, *3 (D.Nev.1994); *Miller*, 813 F.Supp. at 724 (noting that, even if the IRS failed to render an actual "finding," liability may be established if "an IRS employee knowingly or negligently acts to obstruct" such a finding). The Court will refer to this alternative as the "constructive knowledge" approach.

■ 5. Under the constructive knowledge approach, Steffen must present evidence of the facts and circumstances surrounding her 1985 tax assessment, when she filed a request for a certificate of release in May of 1994. *See Burge v. IRS*, 1994 WL 596586, *2 (10th Cir.1994); *Crowd*, 792 F.Supp. at 91 (evaluating "the facts confronting the Secretary" in order to determine whether the assessment had become legally unenforceable).

2. Hereinafter, the Court will collectively refer to the Secretary and his or her duly authorized agents as either the "Secretary" or the "IRS."

6. This evidence may include, for lack of a better phrase, the quality and quantity of legal authorities addressing the issue of whether Steffen's 1985 federal income tax assessment was revived by the 1991 non-rebate refund, which was allegedly erroneous. Indeed, another court in this division of the Middle District of Florida found convincing evidence that the relevant body of law was "generally unhelpful and ambiguous." *Griswold,* 1994 WL 245223, at *7 (Wilson, C., M.J.).

7. However, the Court disagrees with the defendant's position that such evidence is necessarily dispositive. Although creative, the defendant's analogy of the Eleventh Circuit's "knew or should have known" language to the doctrine of qualified immunity ignores the fundamental differences in the rationales behind section 7432 and qualified immunity.

■ 8. As part of the Taxpayer's Bill of Rights, Congress designed section 7432 to balance "the legitimate interests in protecting taxpayers who are honestly attempting to meet their tax burdens" with the equally legitimate governmental interest "to vigorously enforce the tax laws." *Crowd,* 792 F.Supp. at 90.

■ 9. In contrast, the purpose of qualified immunity is to shield "government officials performing discretionary functions" from liability in their individual capacities. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Not only is the doctrine designed to protect government officials from individual liability, but it also seeks to prevent such officials from being forced to engage in extensive discovery and trial appearances. *E.g., Siegert v. Gilley,* 500 U.S. 226, 231–33, 111 S.Ct. 1789, 1792–94, 114 L.Ed.2d 277 (1991). Accordingly, the doctrine's high "clearly established" standard is used to minimize social costs associated with litigation, i.e. "the diversion of official energy from pressing public issues, and the deterrence of able citizens from ac-ceptance of public office." *Harlow,* 457 U.S. at 814, 102 S.Ct. at 2736.

10. The Court finds no similarity between the underlying rationales of section 7432 and qualified immunity. By statute, taxpayers are prevented from suing IRS agents in their individual capacities; section 7432 allows suits only against the United States. *Kersting v. United States,* 818 F.Supp. 297, 302 (D.Hawaii 1992). Furthermore, while the doctrine of qualified immunity seeks to prevent officials from testifying at trial, section 7432 contemplates the relevancy of testimony from IRS officers, employees, and other agents. *See* 26 U.S.C. § 6325(a)(1) (employing the phrase "Secretary finds").

11. Given these differences and the lack of authority addressing the issue, the Court is unwilling to interpret "knew or should have known" in the context of section 7432 identically to the law of qualified immunity. Indeed, in rejecting a similar argument, the Supreme Court of the United States interpreted the phrase "deliberate indifference" in the context of Eight Amendment prison condition cases completely different from the phrase "deliberate indifference" in the context of municipal liability under 42 U.S.C. § 1983. *Farmer v. Brennan,* 511 U.S. 825, 839–43, 114 S.Ct. 1970, 1980–81, 128 L.Ed.2d 811 (1994) (adopting a "subjective recklessness" test for Eighth Amendment cases instead of the "objective" test for section 1983 cases).

12. Steffen may choose to present evidence that relates to both "know" and "should have known." For example, the relevant IRS agent may have been aware of only one (1) legal authority at the time of Steffen's request for a release of the federal tax lien. If such authority was the Fifth Circuit's decision in *United States v. Wilkes,* 946 F.2d 1143 (5th Cir.1991), then Steffen would have strong argument that, based on this knowledge, the IRS "should have" found the assessment to be fully satisfied and not revived by the non-rebate refund.[3] Adopting

---

**3.** The Court takes no preliminary position on the defendant's argument that, based on the entire, legal landscape at the time of Steffen's request for a release, "a reasonable IRS employee could rely upon [*Groetzinger v. Commissioner,* 69 T.C. 309, 1977 WL 3623 (1977)] and other cases supporting the position that an erroneous non-rebate refund revives an original assessment." (Docket No. 47, p. 17). The Court merely concludes that this objective test is not necessarily

the defendant's argument would foreclose such an approach to proving section 7432 liability. The Court simply finds no direct or indirect basis in the law for restricting the scope of the statute.

13. The second of two (2) steps in proving the Government's liability, under section 7432, requires evidence that the relevant IRS employee "knowingly or negligently failed to release the lien within thirty (30) days." *Miller,* 763 F.Supp. at 1542.

14. In the instant case, this prong is not at issue because of the defendant United States' stipulation that it knowingly and intentionally failed to release the lien, which the Court adopted as a finding of fact. *See supra,* Facts at ¶ 14.

15. However, the Court rejects Steffen's position that this stipulation satisfies her entire burden of proof as to liability. Rather, it merely satisfies one (1) of two (2) prongs. Consistent with the above discussion, and pursuant to the circuit court's instruction, Steffen must prove that "the IRS employee who failed to release the lien knew of should have known that the requirements under 26 U.S.C. § 6325 had been satisfied." *Bilzerian,* 86 F.3d at 1070. Accordingly, it is

**ORDERED** that the defendant's motion for judgment (Docket No. 47) be **DENIED.**

dispositive of the defendant United State's sec-